IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

_____

| | | |
|---|---|---|
| FRANCIS J. LEARY, PRO SE, | § | |
| aka FRANCIS JOSEPH LEARY, | § | |
| aka FRANK LEARY, | § | |
| aka FRANK J. LEARY, | § | |
| aka JUSTIN HAYWARD, | § | |
| aka JOHN LODGE, | § | |
| aka FRANCIS JOSEPH LEARY, JR., | § | |
| TDCJ-CID No. 1495334, | § | |
| CDC ID No. P-G2854, | § | |
| NYDC ID No. 92-T0086, | § | |
| CDC ID No. B-G5519, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:13-CV-0219 |
| | § | |
| RICK THALER, Director TDCJ; | § | |
| NFN GLENN, Law Library Supervisor; | § | |
| NFN DAVIS, Law Library Officer; | § | |
| NFN DAVID, Assistant Warden; | § | |
| V. BARROW, Asst. Program Admin; and | § | |
| NFN GLENN, Mailroom Supervisor, | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION**

Plaintiff FRANCIS J. LEARY, acting pro se and while incarcerated as a prisoner in the

Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant

to Title 42, United States Code, section 1983 complaining against the above-referenced

defendants and has been allowed to proceed in forma pauperis pursuant to Title 28, United States

Code, section 1915.

Plaintiff states he has filed suit against the defendants "for mishandling and/or

accidentally or purposely losing" an approximately one-hundred page petition for writ of

certiorari, including a fifty-page appendix, he sent to the United States Supreme Court.  Plaintiff

says he is suing defendant THALER because he is responsible for the acts and omissions of the

remaining defendants.  He says he is suing defendant GLENN, the Law Library Supervisor,

because GLENN refused to provide an affidavit requested by plaintiff.  Plaintiff sues defendant

DAVIS, a Law Library Officer, for refusing to allow plaintiff to sign some documents on the due

date and for holding them three days before mailing them.  He is suing defendant Assistant

Warden DAVID for his unsatisfactory response to plaintiff's Step 1 grievance.  Plaintiff sues

defendant BARROW, the Assistant Program Administrator of the Access to Courts program,

because of the unsatisfactory response made to plaintiff's Step 2 grievance.  Lastly, plaintiff sues

defendant Mailroom Supervisor GLENN[1], saying he disputes representations that the pleading

was mailed.

Plaintiff requests (1) that the Court order each defendant to provide an affidavit setting

forth his or her participation in this matter; (2) all records, including I-60 requests for pick-up and

legal documents, trust account statements of plaintiff, indigent status reports from December 17,

2012 through December 20, 2012, with requested affidavits as to when mail was supposed to be

picked up and when it actually was; (3) that this Court request the United States Court of

Appeals for the Fifth Circuit in case #12-50207, to ask the U.S. District Court to provide plaintiff

with a copy of all court documents presented to it in cause no. SA-11-CV-540 FB so plaintiff can

reconstruct the appendix to his missing pleading mailed to the U.S. Supreme Court; (4) that this

Court order the opposing counsel in case #12-50207 to provide plaintiff with a copy of the proof

of service copy sent to him so plaintiff can determine whether the mailroom or the U.S. Postal

---

[1]Defendant Mailroom Supervisor GLENN appears to be separate from defendant Law Library Supervisor GLENN.

Service lost the pleading; (5) an injunction requiring defendant THALER to order TDCJ officials to assist inmates in preparing and filing legal papers and to provide copies requested of legal documents free of charge to indigent inmates; and (6) that the District Court request the United States Supreme Court to accept plaintiff's amended petition; and (7) to be allowed to sue each defendant for punitive and compensatory damages.

### JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[2], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[3].

The Magistrate Judge has reviewed plaintiff's pleadings to determine if his claims present grounds for dismissal or should proceed to answer by defendants.

---

[2] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see, Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[3] *Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

**THE LAW AND ANALYSIS**

**RICK THALER**

With respect to defendant THALER, plaintiff argues he is responsible for the acts or

omissions of the remaining defendants.  It is clear plaintiff's claim against THALER is based

entirely upon his supervisory position; however, the acts of subordinates trigger no individual

section 1983 liability for supervisory officers.  *Champagne v. Jefferson Parish Sheriff's Office*,

188 F.3d 312, 314(5th Cir. 1999).  A supervisory official may be held liable only when he is

either personally involved in the acts causing the deprivation of a person's constitutional rights,

or there is a sufficient causal connection between the official's act and the constitutional violation

sought to be redressed.  *Thompkins v. Belt*, 828 F.2d 298, 304 (5th  Cir.1987); *Douthit v. Jones*,

641 F.2d 345,  346 (5th Cir.1981) (*per curiam*).  Plaintiff has alleged no fact demonstrating

personal involvement by defendant THALER and has alleged no fact showing any causal

connection between his acts and the alleged constitutional violation.  Consequently, plaintiff has

failed to state a claim against defendant THALER on which relief can be granted.

**LAW LIBRARY OFFICER DAVIS**

As to defendant Law Library Officer DAVIS, plaintiff alleges on December 17, 2012 he

asked her to pick up for mailing two documents, a Petition for Writ of Certiorari over one-

hundred pages long, including original court documents contained in the appendix, and a copy of

the Petition for Writ of Certiorari without its appendix which was being sent to opposing

counsel.  When Officer DAVIS arrived at plaintiff's cell to pick up the documents and process

them as legal mail, plaintiff began to "separate [his] documents in order to sign and date them in

front of witnesses as required."  Defendant DAVIS refused to wait while plaintiff performed this

4

task and told him to sign them and she would be back the next day to pick them up.  On

December 18, 2012, Officer DAVIS returned and picked up the documents.  Plaintiff says they

were in the hands of prison officials until December 20, 2012, the date on which they are

recorded as being logged out of the mailroom and delivered to the U.S. Mail.  Plaintiff has not

alleged any act or omission by defendant DAVIS which harmed him in any way.  Officer DAVIS

came to pick up his mail when he requested and merely refused to wait because it was not ready

for mailing.  As to any delay in processing plaintiff's mail (DAVIS picked it up on December 18,

2012 and it was logged out of the prison mail system on December 20, 2012), plaintiff has not

shown that he was harmed by that delay or that defendant DAVIS had anything to do with it.

Plaintiff has failed to state a claim against defendant DAVIS on which relief can be granted.

**MAILROOM SUPERVISOR GLENN**

Plaintiff says he is suing Mailroom Supervisor GLENN because he doesn't believe the

Petition for Writ of Certiorari to the Supreme Court was ever deposited into the U.S. Postal

Service mail system.  As plaintiff's own statement of claim makes clear, plaintiff doesn't know

whether his document to the U.S. Supreme Court was accidently lost or purposely destroyed and

he doesn't know if the loss occurred while the document was in the custody of the unit mailroom

or the U.S. Postal Service.  Plaintiff says he thinks the document was lost while in the unit

mailroom because his inmate account was never charged for its cost of mailing.  On the other

hand, plaintiff says the mailroom log shows it was processed and placed in the hands of the U.S.

Postal Service on December 20, 2012.

For purposes of this analysis, the Court accepts plaintiff's allegations as true and accepts

his inference that the pleading was lost while in the custody of the unit mailroom.  Nevertheless,

these facts will support only a claim of negligence, if even that; and section 1983 imposes

liability for deprivation of constitutionally protected rights, not for violations of tort duties of

care.  *Griffith v. Johnston*, 899 F.2d 1427, 1435 (5th Cir. 1990); *see, also, Daniels v. Williams*,

474 U.S. 327, 331-34, 106 S.Ct. 662, 664-67, 88 L.Ed.2d 662 (1986)(inmate slipped on pillow

left on stairs).  Moreover, plaintiff has not alleged any fact showing defendant Mailroom

Supervisor GLENN was either personally involved in the acts causing the loss or destruction of

his pleading to the U.S. Supreme Court, or there was a causal connection between some act by

GLENN and that event.  *Thompkins v. Belt*, 828 F.2d 298, 304 (5th  Cir.1987); *Douthit v. Jones*,

641 F.2d 345,  346 (5th Cir.1981) (*per curiam*).  Whatever negligent or malicious act was

committed by a unknown mailroom worker, the acts of subordinates trigger no individual section

1983 liability for supervisory officers.  *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d

312, 314(5th Cir. 1999).  Plaintiff has failed to state a claim against defendant Mailroom

Supervisor GLENN on which relief can be granted.

**LAW LIBRARY SUPERVISOR GLENN**

Plaintiff alleges that he was informed by the Clerk of the U.S. Supreme Court that he

could "send a copy of [his] petition for writ of certiorari, with an affidavit . . . stating that the

petition was timely mailed to the U.S. Supreme Court."  Plaintiff says that, although he can

almost produce a handwritten copy of his petition, he doesn't have the court documents that were

in the appendix.  Plaintiff complains TDCJ and Clements Unit Law Library officers will not

make free copies for indigent offenders.  This, he claims, hinders his access to the courts.  In

addition, plaintiff complains defendant Law Library Supervisory GLENN has refused to give

plaintiff an affidavit stating on what day plaintiff's legal work was picked up.  Plaintiff claims

this violates his right of access to the courts as well.

"While the precise contours of a prisoner's right of access to the courts remain somewhat obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court." *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993), *cert. denied*, 510 U.S. 1123, 114 S.Ct.1081, 127 L.Ed.2d 397 (1994). Plaintiff has not claimed defendant Law Library Supervisor GLENN is responsible for the policy of denying prisoners free use of the copy machine(s). In any event, the denial of access to copy machines or even to typewriters and carbon paper does not deprive an inmate of his right of access to the courts. *Beck v. Lynaugh*, 842 F.2d 759 762 (5th Cir. 1988).

In this case, the denial of free copies did not prevent plaintiff from preparing his pleading nor did it cause the loss or destruction of that pleading before its delivery to the Supreme Court. In addition, the refusal by defendant Law Library Supervisor GLENN to provide plaintiff with the requested affidavit does not prevent plaintiff from offering his own affidavit or statement under penalty of perjury stating when he submitted the lost pleading to prison officials for mailing. Nothing in the instructions plaintiff has quoted to the Court indicates the affidavit has to be made by prison officials and not by plaintiff.

**ASSISTANT WARDEN DAVID AND ASSISTANT PROGRAM ADMINISTRATOR BARROW**

Plaintiff's claims against these defendants are based on their responses to his Step1 and Step 2 grievances. The narrowing of prisoner due process protection announced in *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), leaves plaintiff without a federally-protected right to have his grievances investigated and resolved. Any right of that nature is grounded in state law or regulation and the mere failure of an official to follow state law

or regulation, without more, does not violate constitutional minima.  *See, e.g., Murray v.*

*Mississippi Dept. of Corrections*, 911 F.2d 1167, 1168 (5th Cir. 1990); *Ramirez v. Ahn*, 843 F.2d

864, 867 (5th Cir.), *cert. denied*, 489 U.S. 1085, 109 S.Ct. 1545, 103 L.Ed.2d 849 (1989); *Baker*

*v. McCollan*, 433 U.S. 137, 146-47, 99 S.Ct. 2689, 2695-2696, 61 L.Ed.2d 433 (1979).

Plaintiff's claims against defendants DAVID and BARROW lack an arguable basis in law and

are frivolous.  *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

**CONCLUSION**

For the reasons set forth above and pursuant to Title 28, United States Code, sections

1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1), it is the

RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Civil

Rights Complaint filed pursuant to Title 42, United States Code, section 1983, by plaintiff

FRANCIS J. LEARY be DISMISSED WITH PREJUDICE AS FRIVOLOUS AND WITHOUT

PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE

GRANTED.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and

Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 20th day of November, 2013.


_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

**\* <u>NOTICE OF RIGHT TO OBJECT</u> \***

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).